UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REBECCA HILL, et al., | |
| Plaintiffs, | |
| v. | No. 15 CV 10175 |
| SERVICE EMPLOYEES INTERNATIONAL UNION, HEALTHCARE ILLINOIS, INDIANA, MISSOURI, KANSAS, et al., | Judge Manish S. Shah |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Collective bargaining in the public sector necessarily involves interaction with the government, and the constitutional limits on state action have a say in the relationships among unions, the individuals and interests they represent, and the government. In this case, plaintiffs claim that a state-law requirement that a union (as an exclusive representative) negotiate terms and conditions of employment with the government on plaintiffs' behalf amounts to a compelled association with the union in violation of the First Amendment. The plaintiffs are not employees of the state, and as such, plaintiffs argue that there is no compelling justification to require them to be linked to—to speak through—the union. They filed suit and seek a declaration that the exclusive representation regime is unconstitutional. Defendants (the union and the state officials responsible for the particular statutory regime at issue) move to dismiss plaintiffs' complaint, and argue that the First

Amendment's freedom to associate has not been abridged in any way.[1] The Supreme Court may revisit its precedents in this area, but until it does, plaintiffs' theory runs counter to the established principle that a state does not infringe on associational rights by requiring the type of exclusive representation at issue here. Defendants' motions to dismiss are granted.

I.   **Legal Standard**

A complaint may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *see Foxxxy Ladyz Adult World, Inc. v. Vill. of Dix, Ill.*, 779 F.3d 706, 711 (7th Cir. 2015). At this stage, the facts alleged in the complaint are assumed to be true, and inferences from those facts are drawn in plaintiffs' favor. *Id*. Matters of public record—for example, statutes, regulations, and executive orders—are subject to judicial notice and may be considered even if not mentioned in the complaint. *See, e.g.*, *White v. Keely*, 814 F.3d 883, 886 n.2 (7th Cir. 2016).

II.   **Background**

The Illinois Department of Human Services Home Services Program provides funding for certain qualifying individuals to hire personal assistants to perform household and incidental health care tasks. 20 ILCS § 2405/3(f); 89 Ill. Admin. Code § 676.10; [10] ¶¶ 15–18.[2] The personal assistant is paid by the state, but supervised

---

[1] The current director of the Illinois Department of Central Management Services is Michael Hoffman, and the current secretary of the Illinois Department of Human Services is James Dimas. The Clerk shall substitute Hoffman and Dimas for their predecessors, Tom Tyrrell and Gregory Bassi as defendants in this case. Fed. R. Civ. P. 25.

[2] Bracketed numbers refer to entries on the district court docket.

by the person receiving care. *Harris v. Quinn*, 134 S.Ct. 2618, 2624 (2014). Illinois's Child Care Assistance Program is similar—it pays for certain child care services provided to low-income families (by licensed and license-exempt day care providers). 305 ILCS § 5/9A-11; 89 Ill. Admin. Code §§ 50.310, 50.320; [10] ¶¶ 25–32. Under both programs, the state sets the key elements of compensation for covered services. 20 ILCS § 2405/3(f); 305 ILCS § 5/9A-11(f).

The Illinois Public Labor Relations Act authorizes "public employees" to negotiate hours, wages, and other conditions of employment, with the state through a labor organization as their exclusive representative. 5 ILCS § 315/6(a), (c). The designated labor organization represents "the interests of all public employees in the unit." 5 ILCS § 315/6(d). Although they are not actually employed by the state, the personal assistants and child care providers paid through Illinois's Home Services and Child Care Assistance programs are designated "public employees" under the Public Labor Relations act. 5 ILCS § 315/3(n); *see Harris*, 134 S.Ct. at 2626, 2634. State law requires key terms of the caregivers' employment to be negotiated with an exclusive representative. 20 ILCS § 2405/3(f); 305 ILCS § 5/9A-11(c-5). Defendant SEIU Healthcare Illinois, Indiana, Missouri, Kansas is the designated exclusive representative for the personal assistants and child care providers. [10] ¶¶ 42, 44; 5 ILCS § 315/3(f)(iv)–(v).

The union negotiated and entered into collective bargaining agreements with the state on behalf of all personal assistants and child care providers. [10] ¶ 51. But the plaintiffs do not want to be required to accept the union as their representative

3

for contract negotiations with the state, and do not want to be affiliated in any way with the union. [10] ¶ 70. Their claim is that the statutory system that inserts the union between the plaintiffs and the state on matters related to the plaintiffs' employment amounts to a compelled association in violation of the First Amendment. The plaintiffs in *Harris v. Quinn* did not challenge the authority of the union to serve as the exclusive representative of all personal assistants in bargaining with the state. 134 S.Ct. at 2640. This case raises that challenge.

**III. Analysis**

The First Amendment implicitly protects the freedom of association. *Laborers Local 236, AFL-CIO v. Walker*, 749 F.3d 628, 638 (7th Cir. 2014). If the state punishes, interferes with, or distorts the message of associations, the state may improperly burden that constitutionally protected right. *Id*. But there is more to the right because the freedom to associate includes a freedom not to associate. *See Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984). The state is not constitutionally required to encourage people to associate, *Laborers Local 236*, 749 F.3d at 639, and thus the state is not required to assist non-association. The specific question here is whether authorizing exclusive representation (and mandating it if an exclusive representative is selected) in negotiations with the state over the terms and conditions of employment that are within the state's control infringes plaintiffs' freedom not to associate with the union.

The Constitution tolerates "impingements" of First Amendment rights in the area of public-sector collective bargaining. Compulsory collective bargaining fees for

full-fledged public employees are constitutional. *See Knox v. SEIU, Local 1000*, 132 S.Ct. 2277, 2289 (2012); *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209 (1977). But taking fair-share fees from non-state employees who do not want to join or support the union violates the First Amendment. *Harris*, 134 S.Ct. at 2644. This kind of compelled subsidization (from dissenters or simply the uninterested) of speech crosses the line. Post-*Harris*, plaintiffs no longer have to pay for representation, but does the representation itself infringe or impinge associational rights?

The answer is found in *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271 (1984), and the answer is no. The Court held that associational rights "have not been infringed" by a system where the state negotiates with an entire constituency through a single, exclusive representative association. *Id.* at 288. There was no infringement because the state was entitled to ignore dissenters (and listen only to the exclusive representative), the dissenters were free not to join or support the association, and the dissenters were free to express their views. *Id.* at 287–90. The Court in *Knight* did not expressly discuss the right not to associate, but in holding that no associational rights were infringed, the Court necessarily included the full breadth of associational rights. And absent any infringement, there is no need to balance the justifications for the regime in this case against the plaintiffs' interests in distancing themselves from the union.

If exclusive representation unconstitutionally inhibits the right not to associate, *Knight* was wrongly decided. But lower courts are bound by *Knight*, and nothing in *Harris* supports a distinction between non-state employees and the full-

fledged employees in *Knight*. *Harris* limited the compulsory fees approved by *Abood*, but the Court expressly avoided the issue of exclusive representation generally (an issue that was unchallenged in that case). *See Harris*, 134 S.Ct. at 2640. *Harris* and *Knight* stand together for the proposition that the First Amendment prohibits some compulsory fees but does not prohibit exclusive representation. The state may not endorse taking fees from non-employees without consent, but its choice to listen only to an exclusive representative does not infringe on anyone's associational rights.

The First Circuit's decision in *D'Agostino v. Baker*, 812 F.3d 240 (1st Cir. 2016), addressed the distinction between *Harris* and *Knight* and is persuasive. In reviewing a Massachusetts child care provider system similar to the one at issue here, and challenged on similar grounds as those asserted by plaintiffs, the court held that no cognizable associational rights were infringed. *Id.* at 243–244. The First Circuit observed that *Knight* presumed and extended a premise: that "exclusive bargaining representation by a democratically selected union does not, without more, violate the right of free association on the part of dissenting non-union members of the bargaining unit." *Id.* at 244. *D'Agostino* correctly articulates the *Knight* premise, and *Knight*, in turn, provides the answer to plaintiffs' claim.

Ordinarily, plaintiffs should be given an opportunity to replead. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015). But here, plaintiffs' legal theory would remain the same in any amendment, and would not state a claim under the First Amendment. The

complaint is therefore dismissed with prejudice and judgment will be entered in favor of defendants.

## IV. Conclusion

Defendants' motions to dismiss, [28] and [29], are granted. Plaintiffs' amended complaint, [10], is dismissed in its entirety. Enter judgment in favor of defendants and terminate civil case.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: 5/12/16